O’Neall, J.,
dissenting. In this case, I desire to do what perhaps I ought to have done in Nicholas vs. Hubbard — state my reasons for differing from the conclusions of the majority then and now.
The Governor, in ’84, was authorized to sign grants to be delivered to the grantees of vacant lands. None other is granta-ble. When the Governor has notice that the land for which a grant is sought to be obtained, is granted land, how can he sign such grant, until the fact is ascertained to be true or false? The Act of ’84 authorized the Governor and five members of the council, when any fraud or collusion was alleged in the progress of the “ entry, ” as it is there called, to try the same. From this, grew up the proceeding by caveat and the power of the Court of Common Pleas to try it.
A caveat is nothing but a notice not to do a particular act, such as signing a grant. It is admitted, if there be fraud or collusion in the survey, the Court of Common Pleas may try it. But it is said, surveying granted lands is not such a fraud. The *95 Legislature, in 5 Stat. 74, so regarded it. Indeed, I know no greater fraud than it is. A fraud is perpetrated by a false assertion, which affects another’s rights. That is here, for the warrant of location and survey allege that the land is vacant. This is false. It affects most materially the grantee under the former grant. It gives another color of title, under which he may, by adverse possession, steal away the whole of his land.
The Surveyor General’s instructions to his deputy are violated ; for he is charged to survey none but -vacant land. If he be informed that his deputy has violated his instructions, how can he certify the survey ?
But it is useless to reason; for the practice from ’93 to ’46 has been uniform to caveat the issuing grants on the ground that the land was granted.
Mr. Bauskett, the counsel for Mr. Dorn, has produced a host of precedents from the Secretary of State’s office, beginning with one from Camden, between Russel and Ballard, (a) in ’93, and ending with one from Newberry, between Kenner and Henderson, (b) in ’46. If. these cannot stay the overturning of *96 the authority of the Court of Common Pleas, to try a caveat against issuing a grant where the land has been granted, it is unnecessary for me to do more than say, I abide by a well settled practice, as old as myself.

Motion dismissed.

(а) In Russel vs. Ballard, final order was made as follows:
“ Upon a caveat dated the second day of January, in the year of our Lord one thousand seven hundred and ninety-three.
“ It appearing to the Court, upon a view of the plat and original survey under which the plaintiff claims in this case, and upon examination of witnesses, that the Southern boundary of the said plat and grant calls for the Northern boundary of ‘William Wiley and William Itussel, which Northern boundary was clearly proved to be a plain and known line antecedent to the plaintiff’s grant, and that the defendant hath improperly platted a survey, and attempted to obtain his grant for ninety-eight acres between the boundaries aforesaid; On motion of Mr. Ford, ordered, that the caveat in this case be sustained, and that the defendant’s survey be recorded with costs.”

(b) In Kenner vs. Henderson, the final order is as follows:
“ In the Common JPleas, Newbemj X)i$tHct> Ball Term} 1846.
The State of South-Carolina, > In the matter of the caveat entered by Samuel E. Newberry District. ) Kenner against James M. xAenderson, to prevent him from taking a grant for certain lands lying on Broad Biver, in said district, bounded by lands granted to John O’Neall and others.
“It appears to the satisfaction of the Court that all the lands for which the said James M. Henderson sought to obtain the grant, had been granted before tho time of the survey by him, except a small quantity, supposed to be about one acre.
“Ordered that the said caveat be confirmed, except as to the said small quantity of *96 land, and that the said applicant, James M. Henderson, be not permitted to take out said grant, this order not, however, to preclude the said James M. Henderson from procuring the said small quantity of vacant land to be surveyed and granted to him.
Bdwaud Hrost.
October, 22d, 1846.»